UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TINKER, INC. D/B/A THE HAMBURGER MAN, § § § *Plaintiff,* § § v. § § BARBARA POTEET, D/B/A THE § HAMBURGER MAN, § *Defendant*. | CIVIL ACTION NO. <br> ———————— <br> 3:14-CV-02878 |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE OF SAID COURT:

NOW COMES Plaintiff Tinker, Inc., doing business as The Hamburger Man and files its Original Complaint complaining of Defendant Barbara Poteet doing business as The Hamburger Man and for cause of action respectfully shows the Court as follows:

## I.   PARTIES AND SERVICE OF CITATION

1. Plaintiff, Tinker, Inc., ("Plaintiff") is a Texas Corporation with its principal place of business in Dallas, Texas.

2. Defendant, Barbara Poteet, is an individual resident and citizen of the State of Texas, and may be served with process at 1803 Thomas Place, Arlington, Texas 76010, or wherever she may be found.

## II.   JURISDICTION AND VENUE

3. Jurisdiction and Venue are proper in this Court as described below.

4. This Court has personal jurisdiction over the parties in this case. Defendant maintains her residence in the State of Texas and transacts business in the State of Texas. Further, Defendant's violations of Federal Laws, as described herein, took place, at least in part, within the State of Texas.

5. This Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. §§ 1331 and 1338 and under the Lanham Act, 15 U.S.C. §1121, under which Plaintiff's claims arise.

6. This Court has supplemental jurisdiction under 28 U.S.C. §1367 over Plaintiff's Texas common law claims of because Plaintiff's claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the U.S. Constitution.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events, infringement, and omissions, giving rise to the claims in this action occurred within this District.

### III.   CONDITIONS PRECEDENT

8. All conditions precedent to this lawsuit have been performed or have occurred.

### IV.   FACTS

9. Plaintiff is in the business of providing food and drink catering services ("Catering Services").

    *a. Inherently Distinctive Mark*

10. Plaintiff is the owner of the trademark The Hamburger Man, registration number 4,533,012 ("Mark") and has continuously used that Mark in connection with its Catering Services since at least 1984. Plaintiff's trademark registration on the principal register is attached as Exhibit A and is fully incorporated herein. This registration is valid and subsisting. Plaintiff's Mark is inherently distinctive, as it neither serves as a name for the Catering Services themselves nor describes any quality, characteristic, or ingredient of the Catering Services.

11.     Defendant is directly infringing on Plaintiff's Mark by using the identical The Hamburger Man mark to sell its food and drink catering services ("Defendant's Services").

        b.  *Strong Mark*

12.     Plaintiff has used and promoted its Mark in print advertisements, the yellow pages, and online, among other advertising outlets. As a result of extensive use and promotion of its Mark, Plaintiff has acquired a favorable reputation to consumers as an identifier and symbol of Plaintiff and its products, services, and goodwill. Accordingly, the Plaintiff's Mark is strong and entitled to broad protection. Plaintiff has expended a considerable investment of time, reputation, effort, and resources in creating, developing, advertising, and otherwise promoting The Hamburger Man mark. Plaintiff continues to invest substantial sums in promoting its products and Catering Services under provided in connection with Plaintiff's Mark. As a result, Plaintiff's Catering Services are widely recognized by the public as being associated with high quality. Plaintiff also owns the internet domain of [www.thehamburgerman.com](www.thehamburgerman.com), which it uses in advertising and promoting of its Catering Services.

        c.  *Defendant's Misappropriation*

13.     Despite the limitless other marks that Defendant could have chosen, she wrongfully appropriated a mark identical to Plaintiff's Mark without Plaintiff's permission. For example, upon information and belief Plaintiff has registered, is the registrant, and is operating a website [site.thehamburgerman.net](site.thehamburgerman.net) that infringes on Plaintiff's Mark. Further, upon information and belief, Defendant advertises under The Hamburger Man mark in phone advertisements as well as other online publications.

    *d. Harm to Plaintiff*

14. Defendant, however, provides poor quality catering services that has had a negative effect on Plaintiff's business, among other things. Further, Defendant engages in unfair competition by trading on the goodwill and reputation associated with Plaintiff's Mark.

    *e. Likelihood of Confusion*

15. Defendant's actions are likely to cause confusion, cause mistake, and deceive consumers into believing there is an affiliation, connection, or association of Defendant's Services with Plaintiff's Catering Services. In addition, Defendant's actions are likely to cause confusion, mistake, and will deceive consumers as to the origin, sponsorship, and/or approval of Defendant's Services.

16. The likelihood of confusion has already been confirmed by several consumers notifying Plaintiff that they had intended to retain Plaintiff's Catering Services, but had mistakenly hired Defendant. Plaintiff believes that the confusion and loss of potential customers will continue unless Defendant is enjoined from infringing Plaintiff's Mark.

17. Defendant's wrongful activities are willful for the following reasons:

   a. Defendant intentionally chose a trademark identical to Plaintiff's Mark, even though the most rudimentary trademark search would have revealed Plaintiff's federal registration for the identical mark.

   b. Defendant has continued to use the confusingly similar designation after Plaintiff notified her of its prior rights to Plaintiff's Mark.

## V.    CAUSES OF ACTION

### A. Count 1 – Trademark Infringement Under the Lanham Act

18. The allegations of the preceding paragraphs are incorporated herein by reference.

19. Defendant's unauthorized use of The Hamburger Man as a mark falsely indicates to consumers that Defendant's Services originate from, are approved by, are sponsored by, are licensed by, or are affiliated with Plaintiff or are otherwise associated with Plaintiff's Catering Services. In fact, however, no such origination, approval, sponsorship, license, or affiliation exists.

20. Defendant's unauthorized use of The Hamburger Man in the manner described above is likely to cause confusion, to cause mistake, or to deceive customers and potential customers of the parties by suggesting some affiliation, connection, or association of Defendant with Plaintiff.

21. Defendant's actions, as described above, constitute trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114(1).

22. Upon information and belief, Defendant has made and will continue to make substantial profits and gains to which she is not in law or equity entitled, and she will continue her infringing acts unless restrained by this Court. Defendant's acts will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law.

### B. Count 2 – Unfair Competition Under the Lanham Act

23. The allegations of the preceding paragraphs are incorporated herein by reference.

24. Defendant's actions, as described above constitute unfair competition in violation of the Lanham Act, 15 U.S.C. §§ 1125(a) and 1125(d).

25. Defendant's actions are likely to cause confusion, cause mistake, and deceive consumers into believing there is an affiliation, connection, or association of Defendant's Services with Plaintiff's Catering Services. In addition, Defendant's actions are likely to cause confusion, mistake, and will deceive consumers as to the origin, sponsorship, and/or approval of Defendant's Services.

26. Further, Defendant has intentionally and in bad faith profited from Plaintiff's distinctive Mark by using the domain name site.thehamburgerman.net.

### C. Count 3 -  Common Law Unfair Competition

27. The allegations of the preceding paragraphs are incorporated herein by reference.

28. Defendant's acts, as described above, constitute unfair competition under the common law of the State of Texas.

29. Defendant's acts, permit Defendant to use and benefit from the goodwill and reputation earned by Plaintiff and to obtain a ready customer of Defendant's goods, and constitute unfair competition, palming off, and misappropriation in violation of Texas common law. As such, Plaintiff is entitled to recover any and all remedies provided by such common law.

30. Upon information and belief, Defendant has made and will continue to make substantial profits and gains to which she is not in law or equity entitled.

31. Upon information and belief, Defendant intends to continue her infringing acts unless restrained by this Court.

32. Defendant's acts have damaged and will continue to damage Plaintiff, for which Plaintiff has no adequate remedy at law.

### D. Count 4 – Request for Preliminary Injunction

33. The allegations of the preceding paragraphs are incorporated herein by reference. Defendant's actions as described herein are violations of 15 U.S.C. § 1114 and 15 U.S.C. § 1125, and therefore Plaintiff is entitled to injunctive relief under 15 U.S.C. § 1116.

34. Plaintiff seeks to enjoin Defendant and her agents, employees, representatives, officers, directors, successors, assigns, and any other persons or entities working on her behalf or in

concert with her from the following activities during this suit because this activity infringes Plaintiff's Mark, The Hamburger Man.

   a. Engaging in any acts that directly or indirectly trade upon Plaintiff's Mark, reputation, or goodwill; including any further use of The Hamburger Man trademark, or any marks that are identical to or confusingly similar or substantially similar to The Hamburger Man.

   b. Use in any manner, including use in connection with any telephonic sales or advertising or any use on any website owned and/or operated by or otherwise associated with Defendant, of The Hamburger Man trademark, or any other mark that is identical to or confusingly similar to or substantially similar to The Hamburger Man;

   c. Committing any acts calculated to cause potential purchasers of Plaintiff's Catering Services to believe that Defendant's Services originate from, are approved by, are sponsored by, are licensed by, or are affiliated with Plaintiff's Mark;

   d. Any further infringement upon Plaintiff's Mark; and

   e. Otherwise competing unfairly with Plaintiff in any manner;

35. There is a substantial likelihood that Plaintiff will prevail on the merits because of Defendant's blatant and intentional infringement of Plaintiff's Mark.

36. If the Court does not grant a preliminary injunction, Defendant will continue her activities that infringe Plaintiff's trademark, because upon information and belief, Plaintiff alleges that Defendant intends to continue her infringing acts unless restrained by this Court.

37. Plaintiff will suffer immediate and irreparable damage, injury, and harm for which there is no adequate remedy at law if the Court does not enjoin Defendant as requested above.

38. Defendant will not suffer undue hardship or loss as a result of the issuance of a preliminary injunction because Defendant is unfairly trading on the goodwill and name of Plaintiff and is being unjustly enriched by her conduct at the expense of Plaintiff.

39. Public policy favors the protection of trademark rights and the prevention of unfair competition and unjust enrichment. Accordingly, any injunctive relief granted herein will be in conformity with public policy.

40. Plaintiff asks the Court to set this request for preliminary injunction for hearing at the earliest possible time and, after hearing the request, to issue a preliminary injunction against Defendant. Further, Plaintiff asks that at the end of this matter that the Court issue a permanent injunction against Defendant.

### E. Damages

41. The allegations of the preceding paragraphs are incorporated herein by reference. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered the actual damages, consequential damages, and lost profits.

42. Defendant knew that its unauthorized use of the Mark was confusingly similar to Plaintiff's Mark and was intended to cause confusion, mistake, and/or deceive, and would result in a benefit (windfall) to Defendant.

43. Defendant's unauthorized use of Plaintiff's Mark has unjustly enriched Defendant at the expense of Plaintiff's reputation and goodwill.

## VI.   ATTORNEYS' FEES AND COSTS

44. The allegations of the preceding paragraphs are incorporated herein by reference. This is an exceptional case, and Plaintiff is entitled to an award of attorney fees and costs under 15 U.S.C. § 1117(a).

## VII. <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant be cited to appear and answer, and that upon final judgment against the Defendant, Plaintiff be awarded the following:

a) The Court order that Defendant and her officers, agents, servants, employees, and all persons in active concert or participation with any of them, be preliminarily and permanently enjoined from the following:

1. Using Plaintiff's Mark, or any other confusingly similar designation, in connection with the promotion, advertising, or offering of Defendant's Services.

2. Competing unfairly with Plaintiff in any manner, including unlawfully adopting or infringing on Plaintiff's Mark or adopting or using any other marks or designations that are confusingly similar to Plaintiff's Mark.

3. Conspiring with aiding, assisting, or abetting any other person or entity in engaging in any of the activities referred to above.

4. Engaging in any acts that directly or indirectly trade upon Plaintiff's Mark, reputation, or goodwill; including any further use of The Hamburger Man trademark, or any marks that are identical to or confusingly similar or substantially similar to The Hamburger Man.

5. Use in any manner, including use in connection with any telephonic sales or advertising or any use on any website owned and/or operated by or otherwise associated with Defendant, of The Hamburger Man trademark, or any other mark that is identical to or confusingly similar to or substantially similar to The Hamburger Man;

6. Committing any acts calculated to cause potential purchasers of Plaintiff's Catering Services to believe that Defendant's Services originate from, are approved by, are sponsored by, are licensed by, or are affiliated with Plaintiff's Mark;

7. Any further infringement upon Plaintiff's Mark; and

8. Otherwise competing unfairly with Plaintiff in any manner;

b) The Court find that Defendant has violated 15 U.S.C. § 1125, that defendant has engaged in unfair competition, and that Defendant has been unjustly enriched as a result of its actions.

c) Order the transfer of the domain name site.thehamburgerman.net to Plaintiff.

d) The Court order seizure of goods and counterfeit marks, the means of making marks, and records documenting the manufacture, sale, or receipt of things involved in the use of the counterfeit mark in connection with the sale, offering for sale, or distribution of goods or services, as provided under 15 U.S.C. § 1116(d);

e) The Court order Defendant and her, officers, agents, servants, employees, and all persons in active concert or participation with any of them, to deliver for destruction, or show proof of destruction of, all products, labels, signs, prints, packages, wrappers, receptacles, and advertisements, and any other materials in their possession or control that depict or reference Plaintiff's Mark or any other confusingly or substantially similar mark, and all materials or articles uses for making or reproducing the same, as provided under 15 U.S.C. § 1118.

f) Order that the Defendant file with the Court and serve on Plaintiff, within thirty (30) days after the entry and service on Defendant of an injunction, a report in writing and under oath stating in detail the manner an form in which Defendant has complied with the injunction.

g) Plaintiff recovers all damages it has sustained as a result of Defendant's infringement and unfair competition.

h) Plaintiff be awarded treble damages, as provided under 15 U.S.C. § 1117(b).

i) Order that an accounting be directed to determine Defendant's profits resulting from her infringement and unfair competition and that the profits be paid to Plaintiff and increased as the Court determines is appropriate to the circumstances of this case, as provided under 15 U.S.C. § 1117(a).

j) Plaintiff be awarded its costs of suit as provided under 15 U.S.C. § 1117(a).

k) The Court declare that this is an exceptional case and award Plaintiff its reasonable attorney fees for prosecuting this suit, as provided under 15 U.S.C. § 1117(a).

l) Plaintiff recovers prejudgment and post judgment interest, as authorized by law.

m) Plaintiff be awarded all other relief that the Court deems appropriate.

Respectfully submitted,

**MILBY, PLLC**

*[signature]*

Diren W. Singhe
Texas Bar No. 24044135

1909 Woodall Rodgers, Suite 500
Dallas, Texas 75201
Telephone:  (214) 220-1210
Telecopy:  (214) 220-1218

**Attorney for Plaintiff Tinker, Inc.**

Respectfully submitted,

**MILBY, PLLC**

*[signature]*

Diren W. Singhe
Texas Bar No. 24044135

1909 Woodall Rodgers, Suite 500
Dallas, Texas 75201
Telephone:  (214) 220-1210
Telecopy:  (214) 220-1218

**Attorney for Plaintiff Tinker, Inc.**