IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TINKER, INC., d/b/a The Hamburger Man, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:14-CV-2878-L |
| BARBARA POTEET, d/b/a The Hamburger Man, and CAPTAIN BILLY WHIZZBANG'S HAMBURGERS, INC., d/b/a The Hamburger Man, | § § § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff Tinker, Inc.'s ("Plaintiff" or "Tinker") Motion for Partial Summary Judgment (Doc. 33), filed December 18, 2015. After careful consideration of the motions, briefs, exhibits, record, and applicable law, the court **denies** Plaintiff's Motion for Partial Summary Judgment.

I.     **Background**

Plaintiff filed this action against Defendants Barbara Poteet ("Poteet") and Captain Billy Whizzbang's Hamburgers, Inc. ("Captain Billy") (collectively, "Defendants") on August 11, 2014. Plaintiff amended its complaint on March 30, 2015. Tinker asserts claims for trademark infringement and unfair competition pursuant to the Lanham Act and common law unfair competition, and requests injunctive relief.

Captain Billy asserts counterclaims for unfair competition and fraudulent trademark registration pursuant to the Lanham Act, common law unfair competition, tortious interference with business relations under Texas law, and business disparagement.

Memorandum Opinion and Order - Page 1

Plaintiff has filed a motion for partial summary judgment on its trademark infringement claim pursuant to the Lanham Act and contends that there is no genuine dispute as to any material fact that its trademark has been infringed by Captain Billy.

## II.     Motion for Summary Judgment Standard

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). On the other hand, "if the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780

F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). "[When] the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita*, 475 U.S. at 587. (citation omitted). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

### III. Plaintiff's Trademark Infringement Claim

Federal claims for trademark infringement "are governed by the Trademark Act of 1946 (Lanham Act), 15 U.S.C. §§ 1051 *et seq.*" *Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225, 235 (5th Cir. 2010) (footnote omitted). To prevail on an infringement claim under the Lanham Act, the plaintiff must: (1) establish ownership in a legally protectable mark, and (2) show

infringement by demonstrating a likelihood of confusion. *Id.* at 235-36 (citations omitted). Whether a claim of infringement or defense of invalidity is under consideration, the threshold determination made by the court is whether a trademark, service mark, or trade dress is entitled to protection. *See Union Nat'l Bank v. Union Nat'l Bank*, 909 F.2d 839, 844 (5th Cir. 1990) ("The threshold issue in any action for trademark infringement is whether the word or phrase is initially registerable or protectable.")

Proof that a mark has been registered with the United States Patent and Trademark Office constitutes *prima facie* evidence that the mark is valid and that the registrant has the exclusive right to use the registered mark in commerce with respect to the specified goods or services. *Amazing Spaces*, 608 F.3d at 237 (citing Lanham Act, 15 U.S.C. §§ 1057(b) and 1115(a)). Federal registration of a mark, however, does not terminate the common law rights of a senior user. 2 McCarthy on Trademarks and Unfair Competition § 16:18.50 (4th ed.) "The nonregistered rights of a senior user continue and are not erased by the later federal registration of a junior user." *Id.*

The court has reviewed the record in this case and determines that there is a genuine dispute of material fact as to Plaintiff's trademark infringement claim. Accordingly, Plaintiff's Motion for Partial Summary Judgment will be denied.

## IV.   Conclusion

For the reasons stated herein, the court **determines** that there is a genuine dispute of material fact with respect to Plaintiff's trademark infringement claim. Accordingly, the court **denies** Plaintiff's Motion for Partial Summary Judgment**.**

**It is so ordered** this 2nd day of March, 2016.

_/s/ Sam A. Lindsay_
Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order - Page 5**