IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TINKER, INC., § | |
| d/b/a THE HAMBURGER MAN, § | |
|     Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:14-CV-2878-L (BK) |
| § | |
| BARBARA POTEET, § | |
| d/b/a THE HAMBURGER MAN, et al., § | |
|     Defendants. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to District Judge Lindsay's *Order of Reference*, Doc. 89, and 28 U.S.C. § 636(b), Defendants *Barbara Poteet and Captain Billy Whizzbang's Hamburgers, Inc.'s Motion for Attorneys' Fees and Related Non-Taxable Expenses*, Doc. 88, has been referred to the undersigned for a recommended disposition. For the reasons stated here, Defendants' motion should be **DENIED**.

**I. BACKGROUND**

In August 2014, Plaintiff Tinker, Inc., doing business as The Hamburger Man, filed this lawsuit against Barbara Poteet, doing business as The Hamburger Man, alleging that Poteet infringed its registered trademark "The Hamburger Man" (the "Mark") that Plaintiff used in connection with its catering services. Doc. 1. In March 2015, Captain Billy Whizzbang's Hamburgers, Inc., doing business as The Hamburger Man ("Captain Billy's, Inc."), was added as a defendant. Doc. 17. In June 2015, Barbara Poteet and Captain Billy's, Inc. (collectively, "Defendants") filed an amended answer, which included Captain Billy's, Inc.'s counterclaims. Doc. 23. In December 2015, Plaintiff moved for partial summary judgment as to its trademark

infringement claim against Captain Billy's, Inc. Doc. 33. In March 2016, the Court denied Plaintiff's motion. Doc. 44.

A three-day bench trial was held in October 2016. Doc. 70; Doc. 71; Doc. 73. In April 2017, the parties submitted their proposed findings of fact and conclusions of law. Doc. 79; Doc. 80. In September 2017, Judge Lindsay issued a Memorandum Opinion that included findings of fact and conclusions of law.[1] Doc. 84. Therein, Judge Lindsay dismissed all claims against Defendants, holding that Captain Billy's, Inc's prior use of the Mark – through its predecessor in interest – negated Plaintiff's claims as a matter of law. Doc. 84 at 8-12. Judge Lindsay also dismissed Captain Billy's, Inc.'s counterclaims, retained jurisdiction over its request for an injunction if such relief should become necessary, and ordered that Plaintiff's registration of the Mark be cancelled. Doc. 84 at 13-19. The parties were ordered to file any request for attorneys' fees pursuant to 15 U.S.C. § 1117(a) in accordance with Rule 54(d)(2) of the Federal Rules of Civil Procedure. Doc. 84 at 20. In October 2017, Defendants filed the instant motion requesting such fees.

Defendants argue that, because this is an "exceptional" case, they, as the prevailing parties, are entitled to an award of their reasonable attorneys' fees. Doc. 88. In response, Plaintiff argues that Captain Billy's, Inc. is not a prevailing party and that the case is not exceptional, thus fees are not warranted. Doc. 93.

## II. APPLICABLE LAW

In "exceptional" cases under the Lanham Act, the court may award reasonable attorneys' fees to the prevailing party. 15 U.S.C. § 1117. "[A]n exceptional case is one where: (1) in

---

[1] For the sake of brevity, the Court does not recite Judge Lindsay's findings of fact, which are available in the record. *See* Doc. 84 at 2-8.

2

considering both governing law and the facts of the case, the case stands out from others with respect to the substantive strength of a party's litigating position; or (2) the unsuccessful party has litigated the case in an 'unreasonable manner.'" *Baker v. DeShong*, 821 F.3d 620, 625 (5th Cir. 2016) (citing *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014)). "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Octane Fitness*, 134 S. Ct. at 1756. The Supreme Court has suggested that the factors a court may consider include, "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id*. at 1756 n.6 (citation and internal quotation marks omitted).

The moving party must establish their entitlement to fees by a preponderance of the evidence. *Id.* at 1758. "[A] finding of exceptionality is something that this [c]ourt arrives at reluctantly, lest we unintentionally narrow the public's access to the courts by chilling future decisions to seek redress for a case in which success is not guaranteed." *Barry v. Medtronic, Inc.*, 250 F. Supp. 3d 107, 120 (E.D. Tex. 2017) (citation and internal quotation marks omitted).

### III. ANALYSIS

**A.     Prevailing Party**

Defendants argue that they are the prevailing parties because they successfully defended themselves against Plaintiff's claims. Doc. 88 at 11-12. Plaintiff contends, without precedential authority,[2] that Captain Billy's, Inc. was not a prevailing party because its counterclaims were

---

[2] Although Plaintiff cites *Pebble Beach Co. v. Tour 18 I, Ltd*. in support of its argument, that opinion does not address the question of which party was the prevailing one, finding only that "the mixed results achieved by both sides <u>mitigate against a finding of exceptionality</u> and support a denial of attorney's fees for all parties." 942 F. Supp. 1513, 1572 (S.D. Tex. 1996) (emphasis added).

also denied, and thus the status quo was maintained. Doc. 93 at 6-7. Here, however, Defendants are clearly the prevailing party, as Judge Lindsay stated as much in his opinion. *See* Doc. 84 at 18 ("Defendants have prevailed on the merits"). Additionally, Defendants were awarded some relief—the Court cancelled Plaintiff's registration of the Mark. *Salazar*, 750 F.3d at 521; *see also Mini Melts, Inc. v. Reckitt Benckiser, Inc.*, No. 4:07-CV-271, 2012 WL 12978297, at *1 (E.D. Tex. Mar. 16, 2012) (finding defendant that successfully defended itself against trademark infringement claim was the prevailing party, as it could "continue to sell and market its products without concern of infringing [the plaintiff's] mark"). Consequently, the status quo was not maintained.

### B.  Exceptionality Determination

#### 1. Substantive Weakness of Plaintiff's Position

Defendants first argue that this case is exceptional based on the substantive weakness of Plaintiff's litigating position. Doc. 88 at 8. Specifically, Defendants argue that because Plaintiff knew about Defendants' prior use of the Mark, it was objectively unreasonable for it to continue prosecuting this case. Doc. 88 at 6-8. The Court disagrees. First, the premise on which this argument is based – that Plaintiff was aware of Defendants' prior use before filing the lawsuit – is essentially a repackaging of Defendants' counterclaim for fraudulent trademark registration, wherein they alleged that prior to the date Plaintiff submitted its application to register the Mark with the United States Patent and Trademark Office, September 18, 2013, Plaintiff was aware of Defendants' prior use of the Mark, and knew that Defendants had a superior right to such use. Doc. 23 at 19; Doc. 84 at 8. However, Judge Lindsay denied this counterclaim, finding:

> [t]he record does not establish any evidence from which the court can reasonably infer that Plaintiff filed its application with knowledge that Captain Billy's Inc. had superior or clearly established rights, or that it intended to obtain a registration to which it believed it was not . . . entitled.

Doc. 84 at 16. Thus, Defendants have not established by a preponderance of the evidence that Plaintiff brought this lawsuit with the knowledge that Defendants' prior use negated its claims.

Moreover, Plaintiff's claims do not appear so substantively weak that this case can be considered exceptional. "Since *Octane*, district courts tend to award fees based on substantive weakness when a party fails to adduce any evidence to support its position or the part advances a position conclusively contradicted by the evidence." See *RLIS, Inc. v. Cerner Corp.*, No. 3:12-CV-209, 2015 WL 5178072, at *1 (S.D. Tex. Sept. 3, 2015) (collecting cases) (footnotes omitted). In the instant case, Plaintiff marshalled evidence at trial in support of its positions, e.g., that (1) it first learned about Defendants' use of the Mark in 2013, *see* Doc. 81 at 69, 99, 101; (2) Defendants had offered their catering services under "Captain Billy Whizzbang's" and not under the Mark, *see* Doc. 81 at 134; Doc. 82 at 140-41; and (3) it had been agreed that the Mark would only be used in conjunction with Plaintiff's catering services, Doc. 81 at 134. *See Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.*, No. 2:15-CV-1202-WCB, 2017 WL 3044558, at *4 (E.D. Tex. July 18, 2017) ("[W]here a party has set forth some good faith argument in favor of its position, it will generally not be found to have advanced 'exceptionally meritless' claims.") (quoting *Small v. Implant Direct Mfg. LLC*, No. 06-683, 2014 WL 5463621, at *3 (S.D. N.Y. Oct. 23, 2014)).

Having successfully defended themselves against Plaintiff's claims, Defendants now attempt to portray their position as incontrovertible from the inception of the lawsuit. For example, in their motion and reply, Defendants characterize Plaintiff's position as "objectively unreasonable," "illogical," "substantively deficient," and unsupported by "any real evidence." Doc. 88 at 8-10; Doc. 94 at 2. However, despite the alleged exceptional weakness of Plaintiff's claims, Defendants never moved for summary judgment. Defendants' failure to do so suggests

5

that their case was not as strong as they now (with the benefit of hindsight) claim, and/or that they "did not always view [Plaintiff's] . . . position as frivolous." *Stragent, LLC v. Intel Corp.*, No. 6:11-CV-421, 2014 WL 6756304, at *5 (E.D. Tex. Aug. 6, 2014); *see also Buccellati Holding Italia SPA v. Laura Buccellati LLC*, No. 13-21297, 2015 WL 11202358, at *4 (S.D. Fla. Mar. 10, 2015) (had the defendant thought that the plaintiff's case was exceptionally weak "surely [the defendant] would have moved for summary judgment"). In fact, it took approximately three years and a three-day bench trial for Plaintiff's claims to be dismissed. *See De Boulle Diamond & Jewelry, Inc. v. Boulle, Ltd.*, No. 3:12-CV-1462-L, 2015 WL 5033893, at *9 (N.D. Tex. Aug. 25, 2015) (Lindsay, J.) ("What Plaintiff deems as a meritless claim by Defendants took the court two years to dismiss at the summary judgment phase."). In any event, [t]here is little injustice in forcing [a defendant] to bear its own attorney's fees for defending a claim it did not challenge on summary judgment." *Stragent, LLC*, 2014 WL 6756304, at *5.

Though Plaintiff's claims were ultimately unsuccessful, that fact alone does not warrant a finding of exceptionality. *See H-W Tech., Inc. v. Overstock.com, Inc.*, No. 12-CV-0636-G, 2014 WL 4378750, at *7 (N.D. Tex. Aug. 15, 2014) (Ramirez, J.) (finding case was not exceptional where plaintiff's claims, although ultimately meritless, "were not clearly frivolous"), *adopted by* 2014 WL 4378750 (N.D. Tex. Sept. 3, 2014) (Fish, J.).

**2. Delay in Bringing Lawsuit**

Relatedly, Defendants next argue that this case is exceptional because Plaintiff "likely" waited 30 years before presenting its claims to the Court. Doc. 88 at 9-10. In so arguing, Defendants imply that this lawsuit was brought for some improper motive. While courts may consider a party's motivation in making an exceptionality determination, *Octane Fitness*, 134 S. Ct. at 1756 n.6, Defendants fail to offer proof of any improper motive. Instead, Defendants

merely speculate that Plaintiff was either waiting to see if the Mark had value, or trying to ensure that Defendants would lose their "vital documents through the passage of time." Doc. 88 at 9. Crucially lacking, however, is any actual evidence suggesting that Plaintiff purposefully delayed bringing this action and/or that it had an improper motive for bringing the action when it did. *Cf. Farouk Sys., Inc. v. AG Global Prods., LLC*, No. H-15-0465, 2016 WL 6037231, at *2 (S.D. Tex. Oct. 14, 2016) (finding plaintiff's claims were filed with an improper motive where defendants presented evidence of "intense" animosity between the companies' executives). Defendants' unsupported speculation, by itself, is insufficient. *See, e.g.*, *Collectors Universe, Inc. v. Blake*, No. SACV 14-0333 AG, 2015 WL 12698449, at *3 (C.D. Cal. Mar. 16, 2015) (bare assertion that claims were "likely motivated by a personal animosity," without evidence of the same, was insufficient to show improper motive); *JS Prods., Inc. v. Kabo Tool Co.*, No. 2:11-CV-01856-RCJ-GWF, 2014 WL 7336063, at *5 (D. Nev. Dec. 22, 2014) ("While the timing of this case makes [defendant's] suspicions plausible, [defendant] again fails to provide the Court with evidence that [plaintiff's] motivation . . . was to harass [defendant]. Without evidence in the record, [defendant's] suspicions, even if well-founded, are not enough to cause this case to stand out as exceptional."). Accordingly, here, the timing of this lawsuit does not support a finding of exceptionality.

### 3. The Parties' Respective Economic Positions

Lastly, Defendants argue that this case is exceptional because "two defendants with limited funds had to defend substantively deficient claims by a plaintiff with seemingly unlimited funds." Doc. 88 at 10. In response, Plaintiff contends that such considerations cannot enter into the Court's exceptionality determination. Doc. 92 at 6. Plaintiff avers that the Court of Appeals for the Fifth Circuit has held that "a district court cannot consider the parties' relative

economic positions when determining whether a case is exceptional." *Scott Fetzer Co. v. House of Vacuums Inc.*, 381 F.3d 477, 491 (5th Cir. 2004) (citing *Tex. Pig Stands, Inc. v. Hard Rock Cafe Int'l*, 951 F.2d 684, 697 (5th Cir. 1992)). However, the cases on which Plaintiff relies pre-date, and are arguably inconsistent with, *Octane Fitness*, which instructs courts to consider the "totality of the circumstances" when determining whether a case is exceptional. *See Octane Fitness*, 134 S. Ct. at 1756 (noting that there is "no precise rule or formula" for determining whether a case is exceptional) (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994)). Thus, under the instruction of *Octane Fitness*, the parties' relative economic positions could factor into an exceptionality finding.

That said, Defendants essentially argue that a case is exceptional where a defendant successfully defends itself against a wealthier plaintiff's claims. Such an occurrence is not exceptional, however, as parties with disparate economic resources routinely clash in court. Were the Court to award attorneys' fees whenever a less-economically advantaged defendant succeeds, fee awards would be commonplace rather than exceptional.

For all of these reasons, the Court finds that Defendants have failed to demonstrate by a preponderance of the evidence that this case stands out from others with respect to the substantive strength of Plaintiff's litigating position or by the manner in which the case was litigated, so as to be exceptional. *Baker*, 821 F.3d at 625. *Cf. Raniere v. Microsoft Corp.*, Nos. 3:15-CV-0540-M & 3:15-CV-2298-M, 2016 WL 4626584, at *1, *5 (N.D. Tex. Sept. 2, 2016) (Lynn, J.) (finding case exceptional where plaintiff failed to present any credible evidence to controvert defendant's eventually-successful defense that plaintiff lacked standing, engaged in deliberately misleading conduct to obscure and complicate the standing issue, and "demonstrate[d] a pattern of obfuscation and bad faith" throughout the litigation), *aff'd* 887 F.3d

8

1298 (Fed. Cir. 2018); *Iris Connex, LLC v. Dell, Inc.*, No. 2:15-CV-1915-JRG, 235 F. Supp. 3d 826, 846-50 (E.D. Tex. 2017) (finding exceptional case where plaintiff made implausible and nonsensical arguments and its settlement offer was unreasonably low, which indicated to the court that plaintiff was either trying to obtain a settlement driven by litigation costs rather than the merits of the case, or realized its position was extraordinarily weak).

Moreover, a review of the record suggests the parties had a genuine dispute that necessitated a trial to resolve. The mere fact that the Court ultimately denied Plaintiff's claims does not warrant a finding of exceptionality, lest the term exceptional have no meaning.

## IV. CONCLUSION

In light of the foregoing, *Barbara Poteet and Captain Billy Whizzbang's Hamburgers, Inc.'s Motion for Attorneys' Fees and Related Non-Taxable Expenses*, Doc. 88, should be **DENIED**.

**SO RECOMMENDED** on August 9, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

9

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); F<span>ED</span>. R. C<span>IV</span>. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

 

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE